John C. McCoy et al., Plaintiffs in Error, v. McAnsh, Dwyer & Company, Defendants in Error.

### Gen. No. 14,646.

EVIDENCE—*conclusions of witness not competent.* A question which calls for the conclusion of a witness is improper and an objection thereto should be sustained.

Forcible detainer. Error to the Municipal Court of Chicago; the Hon. FRANK CROWE, Judge, presiding. Heard in this court at the October term, 1908. Reversed and judgment here. Opinion filed November 8, 1909.

ROGERS & MAHONEY and CHILTON P. WILSON, for plaintiffs in error.

D'ANCONA & PFLAUM, for defendants in error.

MR. JUSTICE FREEMAN delivered the opinion of the court.

This is an action of forcible detainer to recover possession of a portion of the space on the second floor of a building, 168 Wabash avenue, Chicago, alleged to have been conveyed to the plaintiff by the lease in evidence, but possession of which was not delivered by the lessor to the plaintiffs, but was subsequently given to the defendants.

The lease in question was made by Importers & Manufacturers Company April 11, 1907, for a term beginning May 1, 1907. The lessees were absent from the city at that time and did not take actual possession of the leased premises until the latter part of August or the first of September following. They paid the rent, however, regularly, and no question of rent is involved. The written lease was introduced in evidence by the lessees, and describes the premises leased as "all that space in the second floor of the building known as number 164-166-168 Wabash avenue that lies west of a lath

and plaster partition to be erected approximately forty-nine (49) feet east of the west building wall, running in a direct line from the north to the south building wall and extending from floor to ceiling, excepting all the space used for elevators, hallway and stairways, and as shown by the diagram hereto attached, which is hereby made a part and parcel of this lease.'' The diagram referred to contains arrows showing the limits of the space leased and other lines tending to define the space in controversy. This space is a small room apparently taken off of the west end of the hall at a point west of the elevators. At the time the lease was executed this space was partitioned off by a door from the hall and also partitioned from the room north of it. The door separating it from the hall and elevators east of the space or small room in question was when open slid back southward alongside of the elevator space, and when closed shut off the small room in question from the hall. On its north side the partition separating the room from the rest of the space described in the lease was constructed to the height of about eight feet of wood and the upper part to the ceiling was of glass.

Subsequent to the execution of the lease above mentioned to plaintiffs, the same lessor on the 18th of April, 1907, executed a lease to the defendants, McAnsh, Dwyer & Co., of the entire second floor of the building known as 170 and 172 Wabash avenue, except such space as was occupied by stairways and elevators. This building apparently joins the building in which are the premises leased to plaintiffs in which is the small room or space cut off from the hallway and now in controversy. The south wall of the space, which for convenience we designate as the small room, was the "south building wall" described in the lease to plaintiff as the south limit of the space leased to them. When the defendants took possession of the premises covered by the last mentioned lease the plaintiffs had not moved into the building and the defendants took possession

also of the space or small room in question and made some changes connecting said room with the premises described in their own lease. They continued to use and occupy this room and were in possession and occupancy of it at the time of the trial.

There was some conflict in the evidence as to conversations between representatives of the various parties and as to admissions said to have been made by the president of the lessor corporation. The claim was also advanced by the attorney acting nominally at least for and representing the defendants, that the plat attached to the plaintiffs' lease had been changed after its execution by the addition of certain line or lines, tending to show that the space in question was enclosed from the hall. This claim is not supported by the evidence. The controversy is purely one of fact. It appears that the plat attached to plaintiffs' lease differs in this respect from a plat attached to the copy of the lease in possession of the lessor, but the evidence tends to show that such difference was never called to the plaintiffs' attention and that the lease delivered to them is in the same condition in that respect as when they received it. It thus appears from the lease itself that the space in dispute was in fact an enclosure or small room and not a part of the hall at the time the lease was made. It is true that the president of the lessor corporation was erroneously permitted over objection to state that the room in question "was the west end of the hallway." The question called for a conclusion of the witness and the objection to it should have been sustained. We think the room is clearly shown to have been an enclosure by itself at the west end of the hall and separated from the hall by a sliding door. It further appears from the lease itself and the plat attached to and made a part thereof, that this room was included in the description of the space thereby leased to the plaintiffs. The lease describes the space demised to plaintiffs as "running in a direct line from the north to the south building wall" excepting the space used for

elevators, hallway and stairways, "and as shown by the diagram hereto attached." Without including the room in question the terms of this description cannot be complied with. We conclude therefore that as the space in controversy was included in the description of the lease and was not a hallway and therefore not excepted from the space demised, the plaintiffs are entitled to its possession.

The judgment of the Municipal Court will therefore be reversed, and judgment will be entered here for possession of the premises in question.

*Reversed and judgment here.*